59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore MULLER, Defendant-Appellant.
 No. 94-2268.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.[1]
Decided June 22, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Theodore Muller appeals the judgment of the district court after resentencing. Muller was caught with 975 doses of LSD, pleaded guilty to conspiracy to distribute LSD, in violation of 21 U.S.C. Sec. 846, and in May 1993 was sentenced to 78 months' imprisonment. The weight of the LSD used to determine the base offense level was calculated in accordance with Chapman v. United States, 500 U.S. 453 (1991), which held that for sentencing purposes, the term "mixture or substance" in 21 U.S.C. Sec. 841(b)(1) includes the carrier medium in which LSD is absorbed.
 
 
 2
 After the Sentencing Commission revised Sec. 2D1.1 of the Guidelines, effective November 1, 1993, to permit an alternative method of weighing -- using the presumptive weight of 0.4 grams for each dosage of LSD -- Muller sought resentencing.[2] The district court acknowledge that the Guidelines method of weighing the LSD would place Muller in the 27 - 33 month range. The court, however, found that Chapman required it to impose the statutory mandatory minimum. We agree. United States v. Neal, 46 F.3d 1405 (1995) (en banc).[3]
 
 
 3
 Since the amount of 6.62 grams of LSD (975 doses) puts Muller beyond the one gram limit, the statute requires a five year sentence[4] (double the 30 months he hoped for, but still better than the 78 months he originally received), which the district court properly imposed. On the basis of Neal, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the case is submitted on the briefs and the record
 
 
 [2]
 18 U.S.C. Sec. 3582(c)(2) permits a defendant to move for a reduction in the term of imprisonment where, following the original sentencing, the Sentencing Commission lowers a sentencing range
 
 
 [3]
 We asked the parties to submit their respective statements of position in light of our holding in Neal. The parties have done so, and we have considered those statements
 
 
 [4]
 21 U.S.C. Sec. 841(b)(1)(B)(v) requires a sixty-month prison term where the crime involved more than one gram of a "mixture or substance containing a detectable amount" of LSD